NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORIA VALLADARES-GOMEZ, JORGE MIRANDA-VALLADARES, and ROSA ISABEL GONZALEZ-VALLADARES,<br><br>    Petitioners,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>    Respondent. | No.   15-72683<br><br>Agency Nos.   A202-000-428<br>            A206-807-864<br>            A202-000-427<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Gregoria Valladares-Gomez and her family, natives and citizens of El

Salvador, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and requests for a continuance. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we review for abuse of discretion the denial of a motion to continue, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

We deny petitioners' motion to supplement the record (Docket Entry No. 24). *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (the court's review is limited to the administrative record).

The IJ did not abuse its discretion or violate due process in denying petitioners' requests for a continuance. *See* 8 C.F.R. § 1003.29; *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice." (citations omitted)).

Apart from their arguments related to the denial of a continuance, petitioners do not raise any challenge to the agency's denial of asylum, withholding of removal, and CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60

(9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to these claims.

Finally, we lack jurisdiction to consider petitioners' challenges to the BIA's October 5, 2015, order denying their motion to reconsider and motion to reopen based on ineffective assistance of counsel, because petitioners did not file a timely petition for review as to that order. *See Stone v. INS*, 514 U.S. 386, 405 (1995) (deadline for filing a petition for review from a final order of removal is "mandatory and jurisdictional").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**